Curtis v. Shapiro et al                                                                                                   Doc. 4

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT CURTIS,                                  No. C-05-3883 MMC

    Plaintiff,                                **ORDER RE: APPLICATION TO PROCEED IN FORMA PAUPERIS**

  v.

STEVE SHAPIRO, et al.,

    Defendants.

_____/

    Before the Court is the complaint filed September 26, 2005 by plaintiff Robert Curtis, and his application, filed the same date, to proceed in this action in forma pauperis. Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss any complaint filed by a person seeking to proceed in forma pauperis if the complaint "is frivolous or malicious" or "fails to state a claim on which relief may be granted." See 28 U.S.C. § 1915(e)(2).

    Plaintiff alleges in his complaint that he has filed twelve prior complaints and that at least some of them have been dismissed. (See Compl. ¶ 46.) The Court takes judicial notice that plaintiff has filed at least seventeen actions in the District of Oregon within the past two years. All of the defendants in the instant action have been sued by plaintiff in one or more of his prior actions in the District of Oregon. Indeed, plaintiff filed at least three such cases against the same set of defendants that have been sued in the instant action. See Curtis v. Brong, Case No. C-05-00793 PA (D. Ore.), Curtis v. Shapiro, Case No. 05-1040 PA (D. Ore.), Curtis v. Shapiro, Case No. 05-1270 PA (D. Ore.). All three of said

United States District Court
For the Northern District of California

Dockets.Justia.com

cases have been dismissed with prejudice by the Honorable Owen Panner of the District of Oregon on the ground that they were duplicative of one or more prior actions filed by plaintiff. See Curtis v. Brong, No. C-05-00793 PA, slip op. (D. Ore. Aug. 30, 2005); Curtis v. Shapiro, No. C-05-1040 PA, slip op. (D. Ore. Aug. 30, 2005); Curtis v. Shapiro, No. C-05-1270 PA, slip op. (D. Ore. Aug. 30, 2005).

It thus appears that the instant action may be barred by the doctrine of res judicata. Plaintiff may not evade the dismissal of his prior actions in the District of Oregon by filing a new and duplicative action in this District. The doctrine of res judicata "is meant to protect parties against being harassed by repetitive actions" and is applicable "whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between the parties." See Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003) (internal quotations and citations omitted). Plaintiff may not avoid the doctrine of res judicata by "attaching a different legal label to an issue that has, or could have, been litigated." See id. Rather, an "identity of claims" exists "when two suits arise from the same transactional nucleus of facts." See id. (internal quotation and citation omitted). "Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." Id.

Accordingly, plaintiff is hereby ORDERED to file, no later than October 21, 2005, a supplemental brief demonstrating that the instant action is not barred by the doctrine of res judicata, and attaching copies of the complaints filed in Curtis v. Brong, Case No. C-05-00793 PA (D. Ore.), Curtis v. Shapiro, Case No. 05-1040 PA (D. Ore.), Curtis v. Shapiro, Case No. 05-1270 PA (D. Ore.), and any other complaints relating to the subject matter of the instant action. If plaintiff fails to file a timely supplemental brief, the Court will deny his application to proceed in forma pauperis and dismiss the instant action with prejudice.

**IT IS SO ORDERED.**

Dated: September 28, 2005

MAXINE M. CHESNEY
United States District Judge