IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT CURTIS,                               No. C-05-3883 MMC

         Plaintiff,                       **ORDER DENYING PLAINTIFF'S**

  v.                                             **PETITION FOR REHEARING**

STEVE SHAPIRO, et al.,

         Defendants
_____/

       Before the Court is plaintiff's "Petition for Rehearing for Breach of a Federal Contract" ("Petition"), filed November 19, 2009.  Having read and considered the Petition, the Court hereby rules as follows.

       In his complaint, filed September 26, 2005, plaintiff alleged defendants had failed to comply with the terms of a construction contract with the Bureau of Land Management.  On October 26, 2005, judgment in the instant case was entered against plaintiff on the Court's order dismissing plaintiff's complaint with prejudice.  Thereafter, in 2006, plaintiff's appeal from the judgment was dismissed by the United States Court of Appeals for the Ninth Circuit, for the reason plaintiff had failed to prosecute the appeal.

       By the instant Petition, plaintiff requests that the dismissal of the instant complaint be "voided."  (See Petition at 35.)  Consequently, the Court construes the Petition as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

       Under Rule 60(b), the court may grant relief from a judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

See Fed. R. Civ. P. 60(b).

Here, plaintiff asserts he is entitled to relief from the judgment entered in 2005 because there is "sufficient Probable Cause to dissolve this corrupt form of government for intentional failure to protect [plaintiff] from HARM" (see Petition at 6), "all federal & state courts have consistently refused/denied all attempts by [plaintiff] to obtain a Jury Trial – thereby unconstitutionally suspending [plaintiff's] Habeas Corpus" (see Petition, at 18), plaintiff, prior to filing the instant complaint in 2005, "sent by dog sled 'SOS 911 HELP SOS 911 HELP' letter to all guilty parties" (see Petition at 25), the "government has attempted to MURDER [plaintiff] four times" (see Petition at 35), and "Ninth Circuit federal judges," as well as three district court judges, have "retaliated" against plaintiff (see Petition at 13, 16). Additionally, plaintiff asserts, he is entitled to a trial so that he can "take great pleasure in legally executing the prejudice [sic] lying diamond bribed Indian bastard."  (See Petition at 22.)  Finally, plaintiff observes that he has filed over thirty complaints against the "(corrupt) form of government," each of which has been, according to plaintiff, "improperly [d]ismissed" and "illegally obstructed."  (See Petition at 6, 22.)

The Court finds the grounds asserted by plaintiff are insufficient to demonstrate his entitlement to relief under Rule 60(b).

Accordingly, the Petition is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  December 7, 2009

MAXINE M. CHESNEY
United States District Judge